JOHN F. CERMAK, JR., SBN 146799
SONJA A. INGLIN, SBN 090790
RYAN FISCHBACH, SBN 204406
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:     310.820.8800
Facsimile:     310.820.8859
Email:          jcermak@bakerlaw.com
                singlin@bakerlaw.com
                rfischbach@bakerlaw.com

JOHN D. PARKER, *Pro Hac Vice* application pending
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone:     216.861.7610
Facsimile:     216.696.0740
Email:          jparker@bakerlaw.com

Attorneys for Defendant, Counterclaimant and
Crossclaimant SWAGELOK COMPANY

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE SUCCESSOR AGENCY TO THE FORMER EMERYVILLE REDEVELOPMENT AGENCY AND THE CITY OF EMERYVILLE,<br><br>Plaintiff,<br><br>v.<br><br>SWAGELOK COMPANY, an Ohio corporation; WHITNEY RESEARCH TOOL CO., a dissolved California corporation; HANSON BUILDING MATERIALS LIMITED, a British Corporation; and CATHERINE LENNON LOZICK, an individual residing in Ohio,<br><br>Defendants. | Case No.: 3:17-cv-00308-WHO<br><br><br>**DEFENDANT SWAGELOK COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT UNDER CERCLA, 42 U.S.C. SECTION 9601 *ET SEQ.*, RCRA, 42 U.S.C. SECTION 6901 *ET SEQ.*, AND STATE LAW TO RECOVER ENVIRONMENTAL CLEANUP COSTS AND RELATED RELIEF; AND SWAGELOK COMPANY'S AMENDED COUNTERCLAIMS AND CROSSCLAIMS** |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

SWAGELOK COMPANY,

        Counterclaimant,

    v.

THE SUCCESSOR AGENCY TO THE
FORMER EMERYVILLE
REDEVELOPMENT AGENCY AND THE
CITY OF EMERYVILLE,

        Counterdefendants,

SWAGELOK COMPANY,

        Crossclaimant,

    v.

HANSON BUILDING MATERIALS
LIMITED, a British corporation,

        Crossdefendant

Defendant Swagelok Company ("Swagelok"), by and through its attorneys, hereby responds to the Second Amended Complaint ("Amended Complaint") of Plaintiffs the Successor Agency to the Former Emeryville Redevelopment Agency ("Successor Agency") and the City of Emeryville ("City") (collectively, "Plaintiffs"), as follows.

## ANSWER TO AMENDED COMPLAINT

Defendant Swagelok answers the Amended Complaint, as set forth below.  Except as specifically admitted herein, Swagelok denies each and every allegation of the Amended Complaint.

## Nature Of This Action

1.    Paragraph 1 of the Amended Complaint does not assert any allegations of fact to which a response is required.  To the extent a response is required, Swagelok denies the allegations of Paragraph 1.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2.      Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.  Paragraph 2 also contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 2 not otherwise denied, Swagelok denies them.

3.      Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

4.      Swagelok denies the allegations of Paragraph 4 of the Amended Complaint.

5.      Answering Paragraph 5, Swagelok admits that Marchant Calculating Machine Company ("Marchant") occupied the real property located at 5679 Horton Street, Emeryville, California (the "Horton Street Property") prior to Whitney Research Tool Company ("Whitney"), and used and released chlorinated solvents and other chemicals.  Except as so admitted, Swagelok denies the allegations of Paragraph 5 of the Amended Complaint.

6.      Answering Paragraph 6, Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether contamination has rendered buildings unsafe for use by City employees, and on that basis, denies these allegations.  The remainder of Paragraph 6 contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 6 not otherwise denied, Swagelok denies them.

7.      Swagelok denies the allegations of Paragraph 7 of the Amended Complaint.

8.      Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of Paragraph 8 of the Amended Complaint, and on that basis, denies these allegations.  Swagelok admits that it received certain correspondence from one or more of the Plaintiffs with respect to the Horton Street Property, the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

3

content of which speaks for itself.  Except as so admitted, Swagelok denies the remaining allegations in Paragraph 8.

### Subject Matter Jurisdiction

9.     Paragraph 9 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 9 not otherwise denied, Swagelok denies them.

### Venue

10.     Paragraph 10 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 10 not otherwise denied, Swagelok denies them.

### The Parties

11.     Paragraph 11 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 11 not otherwise denied, Swagelok denies them.

12.     Answering Paragraph 12, Swagelok admits that City is located in Alameda County, California and that City at certain times asserted that it held title to the Horton Street Property.  Except as so admitted, Swagelok denies the allegations of Paragraph 12.

13.     Answering Paragraph 13, Swagelok admits that Swagelok Company is an Ohio corporation with its principal place of business in Solon, Ohio.  Except as so admitted, Swagelok denies the allegations of Paragraph 13 of the Amended Complaint.

14.     Swagelok admits the allegations of Paragraph 14 of the Amended Complaint.

15.     Answering Paragraph 15, Swagelok is informed and believes that Hanson Building Materials Limited ("Hanson") is a British Corporation with its principal place of business in either Maidenhead, Berkshire, United Kingdom or London, United Kingdom.  Swagelok is

4

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the Amended Complaint, and on that basis, denies each and every such allegation.

16.     Answering Paragraph 16, Swagelok admits that defendant Catherine Lennon Lozick is an individual.  The remaining allegations of Paragraph 16 of the Amended Complaint contain purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 16 not otherwise denied, Swagelok denies them.

## The Property and the Contamination

17.     Answering Paragraph 17, Swagelok admits that the Horton Street Property is located in Emeryville, Alameda County, California and is commonly referred to as being located at 5679 Horton Street.  Swagelok further admits that a map generally depicting the Horton Street Property and its location is attached to the Amended Complaint as Exhibit A.  Except as so admitted, Swagelok denies the allegations of Paragraph 17 of the Amended Complaint.

18.     Answering Paragraph 18, Swagelok admits that certain chemicals identified in Paragraph 18 of the Amended Complaint are "hazardous substances" as that term is used in the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and certain other statutes under which Plaintiffs have sued.  Swagelok admits that the Successor Agency entered into a voluntary cleanup agreement ("VCA") with the California Department of Toxic Substances Control ("DTSC") with respect to the Horton Street Property and that reports submitted on behalf of Successor Agency to DTSC identify chemicals that have been detected during sampling conducted as part of its investigation of the Horton Street Property.  Except as so admitted, Swagelok denies the allegations of Paragraph 18.

19.     Answering Paragraph 19, Swagelok admits that certain reports and documents related to the investigation of the Horton Street Property prepared on behalf of Successor Agency pursuant to the VCA were submitted to and approved by DTSC.  The remaining allegations of Paragraph 19 contain purported statements and/or conclusions of law as to which no response is

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 19 not otherwise denied, Swagelok denies them.

20.     Swagelok denies the allegations of Paragraph 20 of the Amended Complaint.

### Hanson's Connection to the Contamination

21.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

22.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

23.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

24.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

25.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

26.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

27.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

28.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Amended Complaint, and on that basis, denies each

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

and every allegation contained therein.  Paragraph 28 also contains allegations that are purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 28 not otherwise denied, Swagelok denies them.

29.    Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

30.    Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.  Paragraph 30 also contains allegations that are purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 30 not otherwise denied, Swagelok denies them.

31.    Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

32.    Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

33.    Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

34.    Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

7

35.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

36.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

37.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.  Paragraph 37 also contains allegations that are purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 37 not otherwise denied, Swagelok denies them.

38.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

39.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

40.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

41.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

42.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

43.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

44.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

45.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

46.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

47.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

48.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

49.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

50.     Swagelok is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Amended Complaint, and on that basis, denies each and every allegation contained therein.

51.     Paragraph 51 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those

allegations is required and as to any other allegations of Paragraph 51 not otherwise denied, Swagelok denies them.

## Swagelok and Lozick

52.   Answering Paragraph 52, Swagelok admits that Whitney utilized certain chemicals at the Horton Street Property.  Except as so admitted, Swagelok denies the allegations Paragraph 52 of the Amended Complaint.

53.   Answering Paragraph 53, Swagelok admits that Whitney was incorporated in 1959 in California as Whitey Research Tool Co. and later changed its name to Whitney Research Tool Co. and that Whitney occupied the Horton Street Property beginning in or after 1963 and until approximately May 1999.  Except as so admitted, Swagelok denies the allegations of Paragraph 53 of the Amended Complaint.

54.   Answering Paragraph 54 of the Amended Complaint, Swagelok admits the following: (a) Fred A. Lennon was at certain times, a shareholder in Swagelok; (b) Edward A. Lozick was at certain times the son-in-law of Fred A. Lennon; (c) Edward A. Lozick was, at certain times, the president and director of Whitney; and (d) Edward A. Lozick was, at certain times, a member of Swagelok's board of directors.  Except as so admitted, Swagelok denies the allegations of Paragraph 54 of the Amended Complaint.

55.   Swagelok denies the allegations of Paragraph 55 of the Amended Complaint.

56.   Answering Paragraph 56, Swagelok admits that Calbit Co. held title to the Horton Street Property between approximately 1963 and 1988.  Swagelok also admits that title to the Horton Street Property was held in the name of a trust known as the "Catherine Lennon Lozick Trust #3" from approximately 1988 to August 1999, and that Whitney occupied the Horton Street Property for some or a portion of this time.  Except as so admitted, Swagelok denies the allegations of Paragraph 56 of the Amended Complaint.

57.   Swagelok denies the allegations of Paragraph 57 of the Amended Complaint.

58.   Swagelok denies the allegations of Paragraph 58 of the Amended Complaint.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

59.     Answering Paragraph 59, Swagelok admits that: (a) in approximately December 1988, Calbit Co. transferred title to the Horton Street Property by grant deed to the trust known as the Catherine Lennon Lozick Trust # 3; (b) title to the Horton Street Property was conveyed to the Emeryville Redevelopment Agency, which is the predecessor to the Successor Agency, on or about May 17, 1999; (c) Edward A. Lozick was the successor trustee of the Catherine Lennon Lozick Trust #3 at the time of this transfer; (d) Edward A. Lozick, was at certain times, the husband of Catherine Lennon Lozick; and (e) Edward A. Lozick was, at certain times, the president and director of Whitney.  Except as so admitted, Swagelok denies the allegations of Paragraph 59 of the Amended Complaint.

60.     The first and second sentences of Paragraph 60 contain purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required, Swagelok denies them.  Swagelok is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 60, and on that basis, denies them.

## FIRST CLAIM FOR RELIEF

(Claim Under CERCLA Section 107(a), 42 U.S.C. § 9607(a))

61.     Swagelok incorporates its responses to the preceding paragraphs 1 through 60 as if set forth herein.

62.     Paragraph 62 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response is required, Swagelok admits that Plaintiffs have correctly quoted certain language from CERCLA § 107(a).  Except as so admitted, Swagelok denies the allegations of Paragraph 62.

63.     Paragraph 63 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 63 not otherwise denied, Swagelok denies them.

11

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

64.     Paragraph 64 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 64 not otherwise denied, Swagelok denies them.

65.     Swagelok admits that the Horton Street Property is a "facility" within the meaning of CERCLA.  Except as so admitted, Swagelok denies the allegations of Paragraph 65.

66.     Swagelok denies the allegations of Paragraph 66 of the Amended Complaint to the extent they pertain to Swagelok.  The remaining allegations of Paragraph 66 contain purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 66 not otherwise denied, Swagelok denies them.

67.     Swagelok denies the allegations of Paragraph 67 of the Amended Complaint to the extent they pertain to Swagelok.  The remaining allegations of Paragraph 67 contain purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 67 not otherwise denied, Swagelok denies them.

68.     Paragraph 68 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 68 not otherwise denied, Swagelok denies them.

69.     Paragraph 69 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 69 not otherwise denied, Swagelok denies them.

70.     Paragraph 70 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

allegations is required and as to any other allegations of Paragraph 70 not otherwise denied, Swagelok denies them.

71.     Paragraph 71 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 71 not otherwise denied, Swagelok denies them.

72.     Swagelok specifically denies that Plaintiffs are entitled to the relief requested in Paragraph 72 and denies the other allegations of Paragraph 72.

## SECOND CLAIM FOR RELIEF

### (Claim for CERCLA Declaratory Relief)

73.     Swagelok incorporates its responses to the preceding paragraphs 1 through 72 as if set forth herein.

74.     Swagelok denies the allegations of Paragraph 74 to the extent they pertain to Swagelok.  Swagelok is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 74, and on that basis, denies them.

75.     Swagelok denies the allegations of Paragraph 75 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF

### (Claim Under RCRA § 7002(a))

76.     Swagelok incorporates its responses to the preceding paragraphs 1 through 75 as if set forth herein.

77.     Paragraph 77 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response is required, Swagelok admits that Plaintiffs have correctly quoted certain language from RCRA § 7002(a). Except as so admitted, Swagelok denies the allegations of Paragraph 77.

78.     Paragraph 78 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

allegations is required and as to any other allegations of Paragraph 78 not otherwise denied, Swagelok denies them.

79.    Paragraph 79 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 79 not otherwise denied, Swagelok denies them.

80.    Swagelok denies the allegations of Paragraph 80 of the Amended Complaint to the extent they pertain to Swagelok.  The remaining allegations of Paragraph 80 contain purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 80 not otherwise denied, Swagelok denies them.

81.    Paragraph 81 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 81 not otherwise denied, Swagelok denies them.

82.    Answering Paragraph 82, Swagelok admits that sometime after June 30, 2015, it received certain correspondence from the attorneys for Successor Agency concerning the Horton Street Property.  Swagelok denies that such correspondence complied with notice requirements in § 7002(b)(2)(A), 42 U.S.C. § 6972(b)(2)(A), or 40 C.F.R. Part 254.  Swagelok is without knowledge or information sufficient to form a belief as to whether any similar correspondence was provided to other persons.  To the extent not so admitted or denied, Swagelok denies any remaining allegations of Paragraph 82.

83.    Paragraph 83 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response is required, Swagelok admits that Plaintiffs have correctly quoted certain language from RCRA § 7002(a)(2), 42 U.S.C. § 6972(a)(2).  Except as so admitted, Swagelok denies the allegations of Paragraph 83.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

14

84.     Paragraph 84 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 84 not otherwise denied, Swagelok denies them.

### FOURTH CLAIM FOR RELIEF

(Claim by Successor Agency Under Polanco Act)

85.     Swagelok incorporates its responses to the preceding paragraphs 1 through 75 as if set forth herein.

86.     Paragraph 86 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 86 not otherwise denied, Swagelok denies them.

87.     Paragraph 87 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 87 not otherwise denied, Swagelok denies them.

88.     Paragraph 88 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response is required, Swagelok admits that Successor Agency has correctly quoted certain language from Sections 33459.4(a) and (c) of the California Health and Safety Code.  Except as so admitted, Swagelok denies the allegations of Paragraph 88.

89.     Paragraph 89 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 89 not otherwise denied, Swagelok denies them.

90.     Paragraph 90 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

allegations is required and as to any other allegations of Paragraph 90 not otherwise denied, Swagelok denies them.

91.     Swagelok denies the allegations of Paragraph 91 of the Amended Complaint to the extent they pertain to Swagelok.  The remaining allegations of Paragraph 91 contain purported statements and/or conclusions of law as to which no response is required.  To the extent a response is required, Swagelok denies those and any remaining allegations of Paragraph 91.

92.     Swagelok denies the allegations of Paragraph 92 of the Amended Complaint to the extent they pertain to Swagelok.  The remaining allegations of Paragraph 92 contain purported statements and/or conclusions of law as to which no response is required. To the extent a response is required, Swagelok denies those and any remaining allegations of Paragraph 92.

93.     Swagelok denies that Successor Agency is entitled to the relief requested in Paragraph 93 and each of the other allegations of Paragraph 93.

## FIFTH CLAIM FOR RELIEF

### (Claim By City Under Gatto Act)

94.     Swagelok incorporates its responses to the preceding paragraphs 1 through 75 as if set forth herein.

95.     Paragraph 95 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 95 not otherwise denied, Swagelok denies them.

96.     Swagelok admits that a resolution concerning the area known as the Horton District was considered by the Emeryville City Council on June 16, 2015.  Except as so admitted, Swagelok denies the allegations in Paragraph 96 of the Amended Complaint.

97.     Paragraph 97 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response is required, Swagelok admits that City has correctly quoted certain language from Sections 25403.5(a) and (c)

16

of the California Health and Safety Code.  Except as so admitted, Swagelok denies the allegations of Paragraph 97.

98.    Paragraph 98 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 98 not otherwise denied, Swagelok denies them.

99.    Paragraph 99 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 99 not otherwise denied, Swagelok denies them.

100.    Swagelok denies the allegations of Paragraph 100 of the Amended Complaint to the extent they pertain to Swagelok.  The remaining allegations of Paragraph 100 purport to assert statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 100 not otherwise denied, Swagelok denies them.

101.    Paragraph 101 of the Amended Complaint contains purported statements and/or conclusions of law as to which no response is required.  To the extent a response to those allegations is required and as to any other allegations of Paragraph 101 not otherwise denied, Swagelok denies them.

102.    Swagelok denies that City is entitled to the relief requested in Paragraph 102 and each of the other allegations of Paragraph 102.

## SIXTH CLAIM FOR RELIEF

(Claim for Continuing Public Nuisance)

103.    Swagelok incorporates its responses to the preceding paragraphs 1 through 75 and 94 through 102 as if set forth herein.

104.    Swagelok denies the allegations of Paragraph 104 of the Amended Complaint.

105.    Swagelok denies the allegations of Paragraph 105 of the Amended Complaint.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    106.    Swagelok denies the allegations of Paragraph 106 of the Amended Complaint.

2    107.    Swagelok denies the allegations of Paragraph 107 of the Amended Complaint.

3    108.    Swagelok denies the allegations of Paragraph 108 of the Amended Complaint.

4    109.    Swagelok denies the allegations of Paragraph 109 of the Amended Complaint.

5    110.    Swagelok denies that City is entitled to the relief requested in Paragraph 110 and

6    otherwise denies the allegations of Paragraph 110.

7                          **SEVENTH CLAIM FOR RELIEF**

8                          (Claim for Continuing Private Nuisance)

9    111.    Swagelok incorporates its responses to the preceding paragraphs 1 through 75 and

10   85 through 110 as if set forth herein.

11   112.    Swagelok denies the allegations of Paragraph 112 of the Amended Complaint.

12   113.    Swagelok denies the allegations of Paragraph 113 of the Amended Complaint.

13   114.    Swagelok denies the allegations of Paragraph 114 of the Amended Complaint.

14   115.    Swagelok denies the allegations of Paragraph 115 of the Amended Complaint.

15   116.    Swagelok denies the allegations of Paragraph 116 of the Amended Complaint.

16   117.    Swagelok denies the allegations of Paragraph 117 of the Amended Complaint.

17   118.    Swagelok denies that Plaintiffs are entitled to the relief requested in Paragraph 118

18   and otherwise denies the allegations of Paragraph 18.

19                          **EIGHTH CLAIM FOR RELIEF**

20                          (Claim for Continuing Trespass)

21   119.    Swagelok incorporates its responses to the preceding paragraphs 1 through 75 and

22   85 through 118 as if set forth herein.

23   120.    Swagelok denies the allegations of Paragraph 120 of the Amended Complaint.

24   121.    Swagelok denies the allegations of Paragraph 121 of the Amended Complaint.

25   122.    Swagelok denies the allegations of Paragraph 122 of the Amended Complaint.

26   123.    Swagelok denies that Plaintiffs are entitled to the relief requested in Paragraph 123

27   and otherwise denies the allegations of Paragraph 123.

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## NINTH CLAIM FOR RELIEF

2

(Claim for Equitable Indemnity)

3      124.    Swagelok incorporates its responses to the preceding paragraphs 1 through 123 as

4 if set forth herein.

5      125.    Swagelok denies the allegations of Paragraph 125 of the Amended Complaint.

6      126.    Swagelok denies the allegations of Paragraph 126 of the Amended Complaint.

7      127.    Swagelok denies the allegations of Paragraph 127 of the Amended Complaint.

8      128.    Swagelok denies that Plaintiffs are entitled to the relief requested in Paragraph 128

9 and the other allegations of Paragraph 128.

10

## TENTH CLAIM FOR RELIEF

11

(Claim for Declaratory Relief)

12      129.    Swagelok incorporates its responses to the preceding paragraphs 1 through 128 as

13 if set forth herein.

14      130.    Swagelok denies the allegations of Paragraph 130 to the extent they pertain to

15 Swagelok.  Swagelok is without knowledge or information sufficient to form a belief as to the

16 truth of the remaining allegations of Paragraph 130, and on that basis, denies them.

17      131.    Swagelok denies the allegations of Paragraph 131 of the Amended Complaint.

18      132.    Swagelok denies that Plaintiffs are entitled to the relief requested in Paragraph 132

19 and the other allegations of Paragraph 132.

20

## PRAYER FOR RELIEF

21      Swagelok admits that Plaintiffs seek the relief stated, but denies that Plaintiffs are entitled

22 to any such relief.

23

## AFFIRMATIVE DEFENSES

24      Swagelok asserts the following additional defenses to the Amended Complaint:

25

## First Affirmative Defense

26

(Failure to State a Claim as to Each Claim for Relief)

27

28

19

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

133.     Plaintiffs have failed to allege facts sufficient to constitute a claim for relief as to Swagelok.

### Second Affirmative Defense

(No Basis for Successor Liability as to Each Claim for Relief)

134.     Swagelok has been sued as the alleged successor to and/or alter ego of Whitney. Swagelok denies that its actions or the facts alleged by Plaintiffs provide a basis for successor liability or a finding that Swagelok was the alter ego of Whitney.

### Third Affirmative Defense

(Divisible Harm as to Plaintiffs' First, Second, Fourth, and Fifth Claims For Relief)

135.     If Swagelok is liable as the successor to and/or alter ego of Whitney (which liability it denies), it denies that Whitney is responsible for any release of hazardous substances during the time it occupied the Horton Street Property.  To the extent that Whitney is determined to be responsible for any such release, any harm resulting from such releases is distinct, divisible and capable of reasonable apportionment and Plaintiffs cannot recover from Swagelok other than with respect to such divisible harm.

### Fourth Affirmative Defense

(Actions by Plaintiffs as to Each Claim For Relief)

136.     As part of the investigation of the Horton Street Property conducted by or on behalf of Plaintiffs, monitoring wells were installed in such a manner as to allow chemicals present in the subsurface to migrate (and to continue to migrate) downward.  This migration of chemicals as a result of the installation of the monitoring wells will, on information and belief, enlarge the scope and cost of any remediation required.

137.     If Swagelok is liable as the successor to and/or alter ego of Whitney (which liability it denies), its liability does not extend to any increase in the scope and costs of any remediation required on account of the actions of Plaintiff(s) and Plaintiff(s)' agents in connection with the Horton Street Property, including without limitation, those alleged in the preceding paragraphs.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

**Fifth Affirmative Defense**

2

(Petroleum Exclusion as to Plaintiffs' First and Second Claims for Relief)

3      138.    If Swagelok is liable as the successor to and/or alter ego of Whitney (which

4    liability it denies), it denies that Whitney is responsible for any release of hazardous substances

5    during the time it occupied the Horton Street Property. To the extent that Whitney is determined

6    to be responsible for any such release, that responsibility does not extend to Swagelok and

7    Swagelok cannot be held to be liable for any costs with respect to releases of petroleum or

8    petroleum products.

9

**Sixth Affirmative Defense**

10

(Third-Party Defense as to Plaintiffs' First, Second, Fourth, and Fifth Claims for Relief)

11      139.    If Swagelok is liable as the successor to and/or alter ego of Whitney (which

12    liability it denies), it denies that Whitney is responsible for any release of hazardous substances

13    during the time it occupied the Horton Street Property.  To the extent that Whitney is determined

14    to be responsible for any such release, that responsibility does not extend to Swagelok and

15    Swagelok cannot be held to be liable for costs associated with releases resulting from the acts

16    and/or omissions of third parties.

17

**Seventh Affirmative Defense**

18

(Response Costs as to Plaintiffs' First and Second Claims for Relief)

19      140.    Any costs that Plaintiffs seek are not recoverable to the extent they do not

20    constitute "costs of response" within the meaning of 42 U.S.C. §9601(25), or to the extent they

21    were not necessary and/or were not incurred consistent with the National Contingency Plan set

22    forth at 40 C.F.R. Part 300.1 *et seq.*

23

**Eighth Affirmative Defense**

24

(*De Minimis* Releases as to Plaintiffs' First, Second, Fourth, and Fifth Claims for Relief)

25      141.    If Swagelok is liable as the successor to and/or alter ego of Whitney (which

26    liability it denies), it denies that Whitney is responsible for any release of hazardous substances

27    during the time it occupied the Horton Street Property.  To the extent that Whitney is determined

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

to be responsible for any such release, the volume and toxicity of any release of hazardous substances associated with Whitney were *de minimis*, both in absolute terms and relative to the contribution of other parties, and any such contribution is therefore insufficient as a matter of law to give rise to liability on the part of Swagelok.

### Ninth Affirmative Defense

(Act of God as to Plaintiffs' First, Second, Fourth, and Fifth Claims for Relief)

142.    If Swagelok is liable as the successor to and/or alter ego of Whitney (which liability it denies), it denies that Whitney is responsible for any release of hazardous substances during the time it occupied the Horton Street Property to the extent such releases were the result of Acts of God.

### Tenth Affirmative Defense

(Passive Migration as to Plaintiffs' First, Second, Fourth, and Fifth Claims for Relief)

143.    If Swagelok is liable as the successor to and/or alter ego of Whitney (which liability it denies), it denies that Whitney is responsible for any "release" of hazardous substances during the time it occupied the Horton Street Property that is the result of passive migration.

### Eleventh Affirmative Defense

(Costs Incurred as to Plaintiffs' Fourth and Fifth Claims for Relief)

144.    Any costs that Plaintiffs seek are not recoverable to the extent that such costs are barred or are otherwise not recoverable within the meaning of California Health and Safety Code §§ 25403.5 and 33459.4.

### Twelfth Affirmative Defense

(Failure to Give Notice Pursuant to RCRA § 7002(b)(2)(A) as to Plaintiffs' Third

Claim for Relief)

145.    Prior to filing its Amended Complaint, Plaintiffs did not provide pre-filing notice to regulatory agencies, the State of California, and/or Swagelok that is required by RCRA § 7002(b)(2)(A), 42 U.S.C. § 6972(b)(2)(A).  Plaintiffs therefore have not satisfied a condition

1 precedent to its Third Claim for Relief and the Court lacks jurisdiction over such Claim for

2 Relief.

3 **Thirteenth Affirmative Defense**

4 (No Imminent or Substantial Endangerment as to Plaintiffs' Third Claim for Relief)

5 146.   If Swagelok is liable as the successor to and/or alter ego of Whitney (which

6 liability it denies), it denies that it has any liability to Plaintiffs on their Third Claim for Relief to

7 the extent that Plaintiffs cannot demonstrate an imminent and substantial endangerment to health

8 or the environment associated with Whitney's activities at the Horton Street Property.

9 **Fourteenth Affirmative Defense**

10 (Existing State Action as to Plaintiffs' Third Claim for Relief)

11 147.   If Swagelok is liable as the successor to and/or alter ego of Whitney (which

12 liability it denies), it denies that it has any liability to Plaintiffs on their Third Claim for Relief to

13 the extent any alleged imminent and substantial endangerment to health or the environment

14 associated with Whitney's activities at the Horton Street Property is the subject of investigative or

15 enforcement actions within the meaning of RCRA § 7002(b)(2)(C), 42 U.S.C. § 6972(b)(2)(C).

16 **Fifteenth Affirmative Defense**

17 (Failure to Give Notice as to Plaintiffs' Fourth Claim for Relief)

18 148.   Plaintiff Successor Agency is barred from asserting its Fourth Claim for Relief to

19 the extent it has failed to give the required notice, as required by California Health and Safety

20 Code § 33459.1(b)(2).

21 **Sixteenth Affirmative Defense**

22 (Failure to Give Notice as to Plaintiffs' Fifth Claim for Relief)

23 149.   Plaintiff City is barred from asserting its Fifth Claim for Relief to the extent it has

24 failed to give the required notice, as required by California Health and Safety Code

25 § 25403.1(b)(2).

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

**Seventeenth Affirmative Defense**

2

(Statutory Defenses as to Plaintiffs' First to Fifth Claims for Relief)

3      150.    In addition to any defenses specifically alleged in this Answer, Swagelok asserts

4   and relies upon all defenses available under CERCLA, RCRA the Polanco Act and the Gatto Act.

5

**Eighteenth Affirmative Defense**

6

(Lack of Standing to Sue as to Each Claim for Relief)

7      151.    Each Plaintiff is each barred from any recovery as to each Claim for Relief as to

8   which it lacks standing to sue.

9

**Nineteenth Affirmative Defense**

10

(Unclean Hands as to Each Claim for Relief)

11      152.    Plaintiffs are each barred from asserting its claims for relief against Swagelok

12   based on the equitable doctrine of unclean hands.

13

**Twentieth Affirmative Defense**

14

(Express and Implied Consent as to Each Claim for Relief)

15      153.    If Swagelok is liable as the successor to and/or alter ego of Whitney (which

16   liability it denies), Plaintiffs are each barred from seeking relief for any costs or damages that

17   may have resulted from any acts or omissions alleged in the Amended Complaint because

18   Plaintiffs or a predecessor in interest impliedly consented to, and/or had knowledge of all such

19   activities or conditions.

20

**Twenty-First Affirmative Defense**

21

(Failure to Mitigate Damages as to Plaintiffs' First, Second and Fourth to Tenth Claims for

22

Relief)

23      154.    Plaintiffs have each failed to mitigate, reduce or otherwise avoid its alleged

24   response costs and any other costs or damages that it seeks to recover.

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    **Twenty-Second Affirmative Defense**

2    (Proximate Cause as to Plaintiffs' First, Second and Fourth to Tenth Claims for Relief)

3         155.    If Swagelok is liable as the successor to and/or alter ego of Whitney (which

4    liability it denies), Whitney's acts or omissions, if any, were not the actual or proximate cause of

5    any response costs, damages, or losses and costs for which each Plaintiff seeks to recover.

6    **Twenty-Third Affirmative Defense**

7    (Cause in Fact as to Plaintiffs' First, Second and Fourth to Tenth Claims for Relief)

8         156.    If Swagelok is liable as the successor to and/or alter ego of Whitney (which

9    liability it denies), Whitney's acts or omissions, if any, were not the cause in fact of any response

10   costs, damages, or losses and costs for which each Plaintiff seeks to recover.

11   **Twenty-Fourth Affirmative Defense**

12   (Intervening and/or Superseding Cause as to Plaintiffs' First, Second and Fourth to Tenth Claims

13   for Relief)

14        157.    Plaintiffs' alleged response costs, damages, or losses, if any, were caused by

15   independent, intervening and/or superseding acts or omissions (or events attributable to

16   independent, intervening and/or superseding acts or omissions) of third parties over whom

17   Swagelok had no control.

18        158.    If Swagelok is liable as the successor to and/or alter ego of Whitney (which

19   Swagelok expressly denies) and Whitney is proven to have acted negligently or wrongfully

20   (which Swagelok also expressly denies), those other acts or omissions nonetheless constitute an

21   intervening or superseding cause of any such response costs, damages or losses alleged in the

22   Amended Complaint.

23   **Twenty-Fifth Affirmative Defense**

24   (Comparative Fault as to Plaintiffs' First, Second and Fourth to Tenth Claims for Relief)

25        159.    Plaintiffs' claims are barred to the extent Plaintiffs' actions or inactions caused or

26   contributed to the alleged injuries, response costs, damages, losses and costs allegedly suffered by

27   Plaintiffs.

28

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

1

### Twenty-Sixth Affirmative Defense

2

(Offsets as to Plaintiffs' First, Second and Fourth to Tenth Claims for Relief)

3      160.    If Swagelok is liable as the successor to and/or alter ego of Whitney (which

4  liability it denies), Plaintiffs' recovery, if any, against it must be reduced or offset by the amounts

5  of reimbursements, payments, credits or discounts, or other consideration Plaintiffs received from

6  others, including collateral sources.

7

### Twenty-Seventh Affirmative Defense

8

(Contributory Negligence as to Each Claim for Relief)

9      161.    Plaintiffs' claims are barred or limited by its own negligence and misconduct.

10

### Twenty-Eighth Affirmative Defense

11

(Statute of Limitations as to Plaintiffs' First, Second and Fourth to Ninth Claims for Relief)

12      162.    Plaintiffs' claims against Swagelok are barred in whole or in part due to the

13  expiration of the applicable statute(s) of limitations.

14

### Twenty-Ninth Affirmative Defense

15

(Laches as to Each Claim for Relief)

16      163.    Each of Plaintiffs' Claims for Relief is barred by the equitable doctrine of laches.

17

### Thirtieth Affirmative Defense

18

(Duplicative Recovery as to Each Claim for Relief)

19      164.    Plaintiffs' claims are barred to the extent they are duplicative of one another or

20  would result in double recoveries.

21

### Thirty-First Affirmative Defense

22

(Waiver as to Each Claim for Relief)

23      165.    Each of Plaintiffs' Claims for Relief is barred by the equitable doctrine of waiver.

24

### Thirty-Second Affirmative Defense

25

(Estoppel as to Each Claim for Relief)

26      166.    Each of Plaintiffs' Claims for Relief is barred by the equitable doctrine of

27  estoppel.

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

26

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**Thirty-Third Affirmative Defense**

(Reservation of Additional Affirmative Defenses as to Each Claim for Relief)

167.    Swagelok reserves the right, based on further discovery and investigation, to assert and rely upon additional affirmative defenses.

**PRAYER FOR RELIEF**

Swagelok prays for the following relief on the Amended Complaint:

1.    That Plaintiffs take nothing by way of their Second Amended Complaint, and that Plaintiffs' claims be dismissed with prejudice;

2.    For recovery of an award of costs, including reasonable attorneys' fees and costs, expert witness fees, and all related expenses to the full extent provided by law; and

3.    For any other such relief that the Court deems to be just and equitable.

**AMENDED COUNTERCLAIMS AND CROSSCLAIMS OF SWAGELOK COMPANY**

Pursuant to Rule 13 of the Federal Rule of Civil Procedure, Swagelok Company ("Swagelok") alleges the following Counterclaims against Counterdefendants the Successor Agency to the Former Emeryville Redevelopment Agency ("Successor Agency") and the City of Emeryville ("City") (collectively, "Counterdefendants"), and the following Crossclaims against Crossdefendant Hanson Building Materials Limited ("Hanson"), as follows:

**Jurisdiction And Venue**

1.    This Court has jurisdiction over Swagelok's Counterclaims and Crossclaims pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") Sections 107(a) and 113(g)(2), 42 U.S.C. §§ 9607(a) and 9613(b), the Resource Conservation and Recovery Act ("RCRA") Section 7002(a)(2), 42 U.S.C. § 6972(a)(2), 28 U.S.C. § 1331, 28 U.S.C. § 1367, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b) because events giving rise to the claims occurred in this District and the real property located at 5679 Horton Street, Emeryville, Alameda County, California (the "Horton Street Property") that is subject of this action is in this District.

**The Parties**

3.      Swagelok is an Ohio corporation, with its principal place of business at 29500 Solon Road, Solon, Ohio 44139.  In Counterdefendants' Second Amended Complaint ("Amended Complaint"), Swagelok is alleged to be the successor to and/or alter ego of Whitney Research Tool Company ("Whitney"), which occupied the Horton Street Property beginning in or after 1963 and until approximately May 1999 and which is alleged by Plaintiffs to have caused or contributed to certain contamination at the Horton Street Property.

4.      Swagelok is informed and believes, and on that basis alleges, that Successor Agency is a public agency, located and operating in Alameda County, California, and is the successor to the Emeryville Redevelopment Agency ("Redevelopment Agency"), which was a public entity created pursuant to applicable provisions of the California Health and Safety Code. Redevelopment Agency acquired the Horton Street Property in 1999.  On information and belief, Redevelopment Agency later transferred title to the Horton Street Property to City, which later quitclaimed the Horton Street Property to Successor Agency, which is the current owner of record of the Horton Street Property.

5.      Swagelok is informed and believes, and on that basis alleges, that City is a municipal corporation located in Alameda County, California that at certain time(s) since 1999, has owned the Horton Street Property and has also occupied and used the Horton Street Property as a "corporation yard" for the maintenance of vehicles and equipment and other activities.

6.      Swagelok is informed and believes, and on that basis alleges, that Successor Agency has conducted an investigation of the Horton Street Property after entering into a voluntary cleanup agreement with the Department of Toxic Substances Control ("DTSC") and that reports submitted on behalf of Successor Agency to DTSC identify chlorinated solvents and other chemicals detected during sampling conducted as part of that investigation.

7.      As part of the investigation of the Horton Street Property, monitoring wells were installed in such a manner as to allow chemicals present in the subsurface to migrate (and to continue to migrate) downward.  This migration of chemicals as a result of the installation of the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   monitoring wells has, on information and belief, enlarged the scope of the investigation

2   conducted to date of the Horton Street Property and will enlarge the scope and cost of any

3   remediation that may be required.

4        8.      Swagelok is informed and believes, and on that basis alleges, that Crossdefendant

5   Hanson is a British corporation with its principal place of business in either Maidenhead,

6   Berkshire, United Kingdom or London, United Kingdom.

7        9.      Swagelok is informed and believes, and on that basis alleges, that the Horton

8   Street Property along with adjoining properties was owned and used by Marchant Calculating

9   Machine Company ("Marchant") from approximately 1910 until approximately 1959, to

10  manufacture mechanical calculating machines.  Swagelok is informed and believes, and on that

11  basis alleges, that Marchant's activities and operations were the source of releases of chemicals,

12  including chlorinated solvents, which have been detected during sampling conducted as part of

13  the investigation of the Horton Street Property.

14       10.     Swagelok is informed and believes, and on that basis alleges, that Hanson, as set

15  forth in in paragraphs 21 to 51 of the Amended Complaint, is the successor-in-interest and/or alter

16  ego of Marchant.

## AMENDED COUNTERCLAIMS

### FIRST COUNTERCLAIM

(Claim for Contribution Under CERCLA)

20       11.     Swagelok incorporates paragraphs 1 through 7 as if set forth herein.

21       12.     City and Successor Agency each is a "person" within the meaning of CERCLA

22  § 106(21), 42 U.S.C. § 9601(21).

23       13.     The Horton Street Property is a "facility" within the meaning of CERCLA

24  § 106(9), 42 U.S.C. § 9601(9).

25       14.     On information and belief, there has been a release or threatened release at the

26  Horton Street Property within the meaning of CERCLA § 106(22), 42 U.S.C. § 9601(22).  That

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

29

release is of one or more "hazardous substances," as defined in CERCLA § 106(14), 42 U.S.C. § 9601(14).

15.     City and Successor Agency each is a "liable person" with respect to the Horton Street Property under and within the meaning of CERCLA § 107(a), 42 U.S.C. § 9607(a).

16.     Swagelok denies any liability under the Amended Complaint, including as the alleged alter ego and/or successor to Whitney.  Swagelok is informed and believes, and on that basis alleges, that any alleged contamination at the Horton Street Property was not caused or associated with Whitney's activities.  Swagelok is further informed and believes and on that basis alleges, that to the extent any contamination occurred as a result of Whitney's activities, any resulting harm was minimal and limited in scope and was separate and divisible from contamination for which others, including City and Successor Agency and Hanson, are responsible.

17.     CERCLA Section 113(f)(1) provides that any person may seek contribution from any other person who is potentially liable under CERCLA Section 107(a) during or following any civil action under CERCLA Sections 106 or 107(a).  This Counterclaim is being is asserted during a "civil action . . . under section 9607(a)" against Swagelok.

18.     To the extent Swagelok is found to be liable under CERCLA to City and/or Successor Agency, Swagelok is entitled to contribution under CERCLA § 113, 42 U.S.C. § 9613, with respect to any liability in excess of its allocable and/or separate and divisible share of such response costs recoverable by City and/or Successor Agency.

## SECOND COUNTERCLAIM

(Claim for Declaratory Relief Under 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201)

19.     Swagelok incorporates by reference paragraphs 1 through 7 and 12 to 18 as if set forth herein.

20.     An actual and substantial controversy, within the meaning of 28 U.S.C. § 2201, currently exists between Swagelok, City, and Successor Agency with respect to responsibility for

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    alleged past, present, and future response costs related to the alleged release or threatened release

2    of hazardous substances at the Horton Street Property.

3          21.      Absent a judicial declaration setting forth the parties' rights, duties, and

4    obligations with respect to such costs, multiple legal actions may result.

5          22.      Pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), the Court is authorized

6    to enter a declaratory judgment on liability for future response costs for such alleged releases and

7    threatened releases of hazardous substances at the Horton Street Property.

8          23.      Therefore, Swagelok requests a judicial determination of the rights, duties, and

9    obligations of the parties to this action with respect to the alleged future response costs that have

10   been made the subject of this action.

11                            **THIRD COUNTERCLAIM**

12                       (Claim for Injunctive Relief Under RCRA)

13         24.      Swagelok incorporates paragraphs 1 through 7 as if set forth herein.

14         25.      Swagelok is a "person" within the meaning of Section 1004(15) of RCRA,

15   42 U.S.C. § 6903(15).

16         26.      City and Successor Agency is each a "person" within the meaning of Section

17   1004(15) of RCRA, 42 U.S.C. § 6903(15).

18         27.      Swagelok is informed and believes, and on that basis alleges, that City and

19   Successor Agency, including its predecessors, each is a person who has contributed to the past or

20   present handling, "storage," "treatment," or "disposal" of a "solid waste" or "hazardous waste" at

21   the Horton Street Property within the meaning of Sections 1004(3), 1004(5), 1004(6), 1004(27),

22   1004(33) and 1004(34) of RCRA, 42 U.S.C. §§ 9603(3), 9603(5), 9603(6), 9603(27), 9603(33),

23   and 9603(34).

24         28.      In accordance with Section 7002(b)(2)(A), 42 U.S.C. § 6972(b)(2)(A), and

25   40 C.F.R. Part 254, Swagelok provided notice to the Administrator of the United States

26   Environmental Protection Agency ("EPA"), the Regional Administrator of EPA Region 9,

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

31

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

the Director of DTSC and to City and Successor Agency more than ninety days before commencing this action.

29.     Paragraphs 76 through 81 of the Amended Complaint allege the existence of an imminent and substantial endangerment to health or the environment in and around the Horton Street Property.  To the extent that these allegations establish the presence of an imminent and substantial endangerment to health or the environment in and around the Horton Street Property, Swagelok is entitled to injunctive relief requiring Counterdefendants to take such action as may be necessary to abate that imminent and substantial endangerment to health and the environment.

## FOURTH COUNTERCLAIM

### (Claim for Contribution Under the Polanco Act)

30.     Swagelok incorporates paragraphs 1 through 7 and paragraph 16 as if set forth herein.

31.     City and Successor Agency each is a "responsible party" within the meaning of California Health and Safety Code § 33459(h).

32.     To the extent Swagelok is found to be liable to Successor Agency under the Polanco Act, California Health and Safety Code § 33459 *et seq*., Swagelok is entitled to contribution from Counterdefendants with respect to any liability in excess of its allocable and/or separate and divisible share of costs recoverable by the Successor Agency.

## FIFTH COUNTERCLAIM

### (Claim for Contribution Under the Gatto Act)

33.     Swagelok incorporates paragraphs 1 through 7 and paragraph 16 as if set forth herein.

34.     The City and Successor Agency each is a "responsible party" within the meaning of California Health and Safety Code § 25403(s).

35.     To the extent Swagelok is found to be liable to the City under the Gatto Act, California Health and Safety Code § 25403 *et seq*., Swagelok is entitled to contribution from

Counterdefendants with respect to any liability in excess of its allocable and/or separate and divisible share of costs recoverable by the City.

## SIXTH COUNTERCLAIM

### (Claim for Contribution)

36.     Swagelok incorporates paragraphs 1 through 7 and 11 through 35 as if set forth herein.

37.     To the extent that Swagelok is liable under any of the claims for relief in the Amended Complaint, it is entitled to contribution from Counterdefendants.  Such liability for contribution shall be with respect to any liability on such claims for relief and also as to any costs, damages, and/or expenses associated with the Horton Street Property and the investigation and remediation of contamination originating at or emanating from such property.

## SEVENTH COUNTERCLAIM

### (Claim for Equitable Indemnity)

38.     Swagelok incorporates paragraphs 1 through 7 and 11 through 35 as if set forth herein.

39.     Swagelok is entitled to full and/or partial equitable indemnity from Counterdefendants for any costs, damages, and/or expenses associated with the Horton Street Property and the investigation and remediation of contamination originating at or emanating from such property.

## AMENDED CROSSCLAIMS

## FIRST CROSSCLAIM

### (Claim for Contribution Under CERCLA)

40.     Swagelok incorporates paragraphs 1 through 10, 13, 14, and 16 as if set forth herein.

41.     Hanson is a "person" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

42.     Swagelok is informed and believes, and on that basis alleges, that Hanson, as the successor and/or alter ego of Marchant, is a "liable" person within the meaning of CERCLA § 107(a), 42 U.S.C. § 9607(a).

43.     CERCLA Section 113(f)(1) provides that any person may seek contribution from any other person who is potentially liable under CERCLA Section 107(a) during or following any civil action under CERCLA Sections 106 or 107(a).  This Crossclaim is being is asserted during a "civil action . . . under section 9607(a)" against Swagelok.

44.     To the extent Swagelok is determined to be liable under CERCLA to either City and/or Successor Agency in an amount in excess of its allocable and/or separate and divisible share of such response costs, Swagelok is entitled to contribution from Hanson, as the successor and/or alter ego of Marchant, under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1).

## SECOND CROSSCLAIM

(Claim for Declaratory Relief Under 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201)

45.     Swagelok incorporates paragraphs 1 through 10, 13, 14, 16, 17, and 40 through 44 as if set forth herein.

46.     An actual and substantial controversy, within the meaning of 28 U.S.C. § 2201, currently exists between Swagelok and Hanson with respect to responsibility for alleged past, present, and future response costs which may have arisen or may yet arise from the alleged presence of hazardous substances and other substances at the Horton Street Property.

47.     Absent a judicial declaration setting forth the parties' rights, duties, and obligations with respect to such costs, multiple legal actions may result.

48.     Pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), the Court is authorized to enter a declaratory judgment on liability for future response costs to be incurred by the parties in this action, if any.

49.     Therefore, Swagelok requests a judicial determination of the rights, duties, and obligations of the parties to this action with respect to alleged future response costs that have been made the subject of this action.

1

## **THIRD CROSSCLAIM**

2

(Claim for Contribution)

3

50. Swagelok incorporates paragraphs 1, 2 and 8 through 10 as if set forth herein.

4

51. On information and belief, Marchant was the direct and proximate cause of

5

releases at and contamination of the Horton Street Property.

6

52. To the extent that Swagelok is liable under any of the claims for relief in the

7

Amended Complaint, it is entitled to contribution from Crossdefendant Hanson as the successor

8

and/or alter ego of the Marchant.  Such liability for contribution shall be with respect to any

9

liability on such claims for relief and also as to any costs, damages, and/or expenses associated

10

with the Horton Street Property and the investigation and remediation of contamination

11

originating at or emanating from such property.

12

## **FOURTH CROSSCLAIM**

13

(Claim for Equitable Indemnity)

14

53. Swagelok incorporates paragraphs 1, 2 and 8 through 10 as if set forth herein.

15

54. Swagelok is entitled to full and/or partial equitable indemnity from Crossdefendant

16

Hanson for any costs, damages, and/or expenses associated with the Horton Street Property and

17

the investigation and remediation of contamination originating at or emanating from such

18

property.

19

## **PRAYER FOR RELIEF**

20

Swagelok prays for the following relief on its Counterclaims and Crossclaims:

21

1. That the Court enter judgment in favor of Swagelok and against City and Successor

22

Agency on the Counterclaims;

23

2. That the Court enter declaratory judgment in favor of Swagelok as requested in the

24

Counterclaims;

25

3. That the Court enter judgment in favor of Swagelok and against Hanson on the

26

Crossclaims;

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4.  That the Court enter declaratory judgment in favor of Swagelok as requested in the Crossclaims;

5.  For recovery and an award of costs, including reasonable attorneys' fees and costs, expert witness fees, and all related expenses to the full extent provided by law; and

6.  For any other such relief the Court deems to be just and equitable.

Dated:    October 6, 2017

**BAKER & HOSTETLER LLP**

By:    */s/ Sonja A. Inglin*
       SONJA A. INGLIN

Attorneys for Defendant, Counterclaimant and
Crossclaimant SWAGELOK COMPANY

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

36

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025.  On October 6, 2017, I served a copy of the within document(s):  **DEFENDANT SWAGELOK COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT UNDER CERCLA, 42 U.S.C. SECTION 9601 *ET SEQ.*, RCRA, 42 U.S.C. SECTION 6901 *ET SEQ.*, AND STATE LAW TO RECOVER ENVIRONMENTAL CLEANUP COSTS AND RELATED RELIEF; AND SWAGELOK COMPANY'S AMENDED COUNTERCLAIMS AND CROSSCLAIMS** by **ELECTRONIC SERVICE/PACER-ECF**:  I caused the foregoing document to be electronically served via CM/ECF for the United States District Court, Northern District of California upon all parties listed on the court docket for this case; and I declare under penalty of perjury pursuant to the laws of the United States that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 6, 2017, at Los Angeles, California.


/s/ *Ramona M. Gass*
Ramona M. Gass