Robert P. Doty (SBN 148069)
rdoty@coxcastle.com
Ali P. Hamidi (SBN 191198)
ahamidi@coxcastle.com
James M. Purvis (SBN 281596)
jpurvis@coxcastle.com
COX, CASTLE & NICHOLSON LLP
50 California Street, Suite 3200
San Francisco, CA  94111
Telephone:  (415) 262-5100
Facsimile:   (415) 262-5199

Attorneys for Plaintiffs
The Successor Agency to the former Emeryville
Redevelopment Agency and The City of Emeryville

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SUCCESSOR AGENCY TO THE FORMER EMERYVILLE REDEVELOPMENT AGENCY AND THE CITY OF EMERYVILLE,<br><br>Plaintiffs,<br><br>vs.<br><br>SWAGELOK COMPANY, an Ohio corporation; WHITNEY RESEARCH TOOL CO., a dissolved California corporation; HANSON BUILDING MATERIALS LIMITED, a British Corporation; CATHERINE LENNON LOZICK, an individual residing in Ohio,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS | Case No. 17-cv-00308-WHO<br><br>**AMENDED JOINT DISCOVERY PLAN**<br><br>Judge:                Hon. William H. Orrick<br>Action Filed:     January 20, 2017<br><br>CMC Date:       August 6, 2019<br>Time:                 2:00 p.m. |

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

070431\ 10652889

Case No. 17-cv-00308-WHO
AMENDED JOINT DISCOVERY PLAN

Plaintiffs The Successor Agency to the Former Emeryville Redevelopment Agency ("Successor Agency") and The City of Emeryville ("City") (collectively, "Plaintiffs"), and Defendants Swagelok Company ("Swagelok"), Catherine Lennon Lozick ("Lozick"), Whitney Research Tool Co. ("Whitney") and Specially Appearing Hanson Building Materials Limited ("HBML")[1] (collectively, the "Parties"), by and through their respective counsel of record, hereby submit this Amended Joint Discovery Plan pursuant to Rule 26(f) in advance of the Case Management Conference scheduled to take place on August 6, 2019, at 2 p.m.

1. <u>Initial Disclosures</u>. Plaintiffs, Swagelok, Lozick, and Whitney timely complied with Rule 26 by providing their initial disclosures on December 4, 2017. HBML timely complied with Rule 26 by providing its initial disclosures on March 1, 2019, after its motion to dismiss was denied.

2. <u>Subject(s) of Discovery</u>. For most of 2018, Plaintiffs, Swagelok, Lozick and Whitney pursued jurisdictional discovery from HBML in support of their oppositions to HBML's motion to dismiss for lack of personal jurisdiction. Pursuant to this Court's Order, such discovery was limited to those jurisdictional issues raised in HBML's motion. These efforts were substantial and are described more thoroughly in the Parties' Joint Case Management Statement, filed concurrently herewith. Now that HBML's motion to dismiss has been denied, the Parties have met and conferred to discuss all remaining discovery issues.

Moving forward, Plaintiffs, Swagelok, Lozick and Whitney intend to request that HBML supplement and produce certain information which HBML had objected to and withheld but as to which Plaintiffs, Swagelok, Lozick, Whitney and HBML had agreed that HBML would not claim waiver thereto in later discovery in the event its motion to dismiss was denied by the Court. Furthermore, Plaintiffs would be requesting from all Defendants the source, nature, and extent of the contamination at 5679 Horton Street in the City of Emeryville, Alameda County, California (the "Property"); Defendants Swagelok, Lozick, Whitney and HBML's alleged role(s) in causing the contamination; and those same Defendants' alleged actions in response to Plaintiffs' and regulatory agencies' requests to address the contamination or otherwise mitigate Plaintiffs' damages.

---

[1] HBML timely asserted, and continues to assert, that this Court does not have personal jurisdiction over it.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

070431\ 10652889

- 1 -

Case No. 17-cv-00308-WHO
AMENDED JOINT DISCOVERY PLAN

Defendants Swagelok, Lozick and Whitney's initial discovery will focus on the environmental investigation of and acquisition by Plaintiff Successor Agency of the Property and its subsequent activities at the Property; the activities of Marchant and Smith Corona-Marchant ("SCM") associated with the Property; Plaintiffs' investigations of the Property post acquisition (including activities of their environmental consultant that Swagelok, Lozick, and Whitney contend has caused and exacerbated the migration of contaminants in the subsurface), and agency oversight of such investigations; the source, nature, and extent of the contamination at Property; response costs and damages allegedly incurred by Plaintiffs relating to the contamination at the Property; proposed remediation plans by the City and its consultants; Plaintiffs' liability under Defendants' counterclaims; and HBML's liability under Defendants' crossclaims.

After the Court denied HMBL's Motion to Dismiss (and after discussing its discovery plan with the other parties), HBML served Requests for Production of Documents on the other parties related to their allegations regarding activity by HBML 26 years after the contamination at issue allegedly occurred. HBML also served subpoenas on the parent company of Millennium regarding the Property and third party environmental consultants related to their public analyses of alleged contamination at the Property. HBML also noticed the deposition of an elderly witness previously affiliated with HBML or its affiliate. HBML plans to serve discovery on all parties related to the following (as applicable): their allegations regarding activity by parent company HBML from 1985 through 1996; the environmental investigations and proposed remediation of the Property; the acquisition by the parties of the Property and their subsequent activities at the Property which contributed to contamination at the Property; agency oversight of investigations of the Property; the source, nature, and extent of the contamination at or allegedly emanating from the Property; response costs and damages allegedly incurred by Plaintiffs relating to the contamination at the Property; Plaintiffs' liability under HBML's counterclaims; and Swagelok's, Lozick's and Whitney's liability under HBML's crossclaims.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

070431\ 10652889

- 2 -

Case No. 17-cv-00308-WHO
AMENDED JOINT DISCOVERY PLAN

All parties reserve the right to propound additional discovery on further topics relevant to their claims, counterclaims and crossclaims and defenses, and the counterclaims, crossclaims and defenses of other parties.

3. <u>Timing of Discovery.</u>

At this time, the Parties propose the following general timeline for conducting discovery:

| Event | Proposed Deadline |
|---|---|
| Date By Which Parties May Complete Any Testing of the Project Site | Later of July 30, 2020 (or 30 days prior to site demolition)[2] |
| Complete Depositions of Non-Expert Witnesses and Fact Discovery Cut-off | August 30, 2020 |
| Expert Witness Disclosures and Reports | October 30, 2020 |
| Rebuttal Expert Disclosures and Reports | February 28, 2021 |
| Expert Discovery Cutoff | May 30, 2021 |
| Last Day to File Dispositive Motions | August 16, 2021 |
| Pretrial Conference | TBD |
| Trial | TBD |

All of the above dates also may, in addition, be subject to change by mutual agreement of the Parties and/or Court order in the event of unforeseen circumstances.

4. <u>Phasing of Discovery.</u> Except as otherwise stated above, the Parties do not believe that discovery should be phased, limited, or focused on particular issues. Discovery of fact witnesses will be completed before the exchange of expert reports and commencement of expert discovery.

5. <u>Electronically Stored Information.</u> The Parties do not anticipate any issues relating to the disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

6. <u>Privilege and Protection.</u> The Parties have agreed to provide a privilege log relating to any document or category(ies) of documents withheld pursuant to Rule 26(b)(5)(A). Subsequent claims of inadvertent production of protected materials may be made in accordance with Rule

---

[2] Plaintiffs will give the other Parties 90 (ninety) days written notice of any site demolition.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

070431\ 10652889

- 3 -

Case No. 17-cv-00308-WHO
AMENDED JOINT DISCOVERY PLAN

26(b)(5)(B). Upon service of a privilege log and assertion of a privilege, any dispute regarding any claim or privilege will be resolved through a motion to compel, following appropriate efforts to meet and confer.

      7.    <u>Millennium Custodial Trust Privilege Log from Pillsbury Law Firm.</u> During the course of jurisdictional discovery, Plaintiffs, Swagelok and Lozick incurred substantial costs related to a subpoena of documents from the Millennium Custodial Trust. Collectively, Plaintiffs, Swagelok and Lozick assert that they have incurred over $100,000 for 115,822 pages of documents produced by Pillsbury, counsel for the Millennium Custodial Trust. Such costs consisted of Pillsbury's hourly attorney review time, scanning, privilege review and quality control review. Despite HBML's position that precedent requires otherwise, HBML does not object to duplicate documents not being produced and has confirmed that third party Millennium Custodial Trust has now produced to HBML all documents produced to the other parties in connection with their subpoenas on Millennium Custodial Trust.

      As part of Plaintiffs,' Swagelok's and Lozick's meet and confer conferences with Pillsbury, Pillsbury has informed them that it refuses to produce a privilege log without reimbursement of no less than an additional $182,000 for their attorney preparation of such privilege log. Plaintiffs, Swagelok and Lozick believe that they have incurred more than the reasonable amount of the costs to obtain such documents and intend to bring a motion for an order compelling Pillsbury to provide a privilege log without further cost to the parties.

      8.    <u>Discovery Changes/Limitations.</u> The Parties believe that the limitation in Rule 30(a) regarding the number of depositions that may be taken without leave may not be adequate in this case, as the Parties' Initial Disclosures collectively identify over 40 individuals potentially with knowledge regarding various items at issue in this dispute.

      Plaintiffs, Swagelok, Lozick and Whitney also believe that, due to the complexity of the transactions related to HBML's and its affiliates' acquisition of Marchant and/or SCM and creation of numerous other entities through the merger and demerger process, the 7-hour time limitation per deposition will likely be inadequate to complete the deposition of HBML witnesses.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

070431\ 10652889

- 4 -

Case No. 17-cv-00308-WHO
AMENDED JOINT DISCOVERY PLAN

HBML believes that the parties should complete the depositions of witnesses for any party, including HBML, within the 7-hour time limit set by and in compliance with the Federal Rules of Civil Procedure.

The Parties agree that, the limitations in Rule 33(a)(1) regarding the total number of interrogatories that may be served on any party without leave of court (25) is not adequate in this case and should be increased to the following (regardless of when served): 50 interrogatories.

The Parties reserve their rights to seek leave to extend the 7-hour deposition time limitation or to serve additional interrogatories should the need arise.

9. <u>Other Orders and Issues for Consideration</u>.  The Parties reserve the right to raise any other issues for consideration and orders by the Court as may arise during the course of discovery.

Dated: July 30, 2019        COX, CASTLE & NICHOLSON LLP

By: */s/ Robert P. Doty*
Robert P. Doty[3]
Ali P. Hamidi
Attorneys for Plaintiffs
THE SUCCESSOR AGENCY TO THE FORMER EMERYVILLE REDEVELOPMENT AGENCY AND THE CITY OF EMERYVILLE

Dated: July 30, 2019        BAKER & HOSTETLER LLP

By: */s/ Joelle A. Berle*
John D. Parker
Joelle A. Berle
Attorneys for Defendants
SWAGELOK COMPANY and
WHITNEY RESEARCH TOOL CO.

Dated: July 30, 2019        MANSOUR GAVIN, LPA

By: */s/ Jeffrey M. Embleton*
Jeffrey M. Embleton
Samuel R. Martillotta
Attorneys for Defendant
CATHERINE LENNON LOZICK

---

[3] Concurrence in the filing of this document has been obtained from each of the other signatories.

LAW OFFICES OF
COX, CASTLE & NICHOLSON LLP
SAN FRANCISCO

070431\ 10652889

- 5 -

Case No. 17-cv-00308-WHO
AMENDED JOINT DISCOVERY PLAN

1

2   Dated: July 30, 2019                    WENDEL ROSEN BLACK & DEAN LLP

3                                            By: /s/ *Christine K. Noma*
                                             ─────────────────────────────
4                                                Christine K. Noma
                                                 Attorneys for Defendant
5                                                CATHERINE LENNON LOZICK

6   Dated: July 30, 2019                    K&L GATES LLP

7                                            By: /s/ *Belynda S. Reck*
                                             ─────────────────────────────
8                                                Belynda S. Reck
                                                 Kevin Asfour
9                                                Attorneys for Defendant
                                                 HANSON BUILDING MATERIALS LIMITED

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

070431\ 10652889

- 6 -

Case No. 17-cv-00308-WHO
AMENDED JOINT DISCOVERY PLAN