UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SUCCESSOR AGENCY TO THE FORMER EMERYVILLE REDEVELOPMENT AGENCY AND THE CITY OF EMERYVILLE,<br><br>Plaintiff,<br><br>v.<br><br>SWAGELOK COMPANY, et al.,<br><br>Defendants. | Case No. 17-cv-00308-WHO<br><br>**ORDER ON DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 174 |

The parties have a discovery dispute concerning the depositions of several former executives of HBML who have knowledge about the transactions that are the basis for the claims of alter ego against HBML. HBML wants to take their deposition now in a time-limited way to preserve their testimony, as the witnesses range in age from 60s to 80s. The other parties want to take a discovery deposition of them before the trial deposition.

Given that these witnesses appear to be central to the claim of alter ego, their testimony should be as clearly presented to the jury as possible. While HBML would be able to present its own witnesses clearly on direct, without a discovery deposition coherent cross-examination would be very difficult. At the same time, HBML points out that these depositions have been continued for months and the moving parties here have not tried to take them. If the witnesses are important, their testimony should be preserved.

In light of those competing concerns, I ORDER that the parties meet and confer to agree on a schedule for these witnesses that allows completion of discovery depositions of no more than 7 hours per witness by November 30, 2020. They may be conducted via remote means. If HBML wishes to conduct a further deposition for trial purposes thereafter, it may do so, scheduling the

trial deposition at least thirty days after the discovery deposition for that witness and no earlier than December 7, 2020.  The moving parties are limited in their cross-examination of that trial testimony to no more than three times the length of the direct examination in total, absent agreement or leave of court.[1]

**IT IS SO ORDERED.**

Dated: September 29, 2020


William H. Orrick
United States District Judge

---

[1] I have chosen this limit because I do not want the trial cross-examination to turn into a second discovery deposition.  The parties are free to agree that more or less time is required once they know the import of each witness's testimony.

2