UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SUCCESSOR AGENCY TO THE FORMER EMERYVILLE REDEVELOPMENT AGENCY AND THE CITY OF EMERYVILLE,<br><br>Plaintiff,<br><br>v.<br><br>SWAGELOK COMPANY, et al.,<br><br>Defendants. | Case No. 17-cv-00308-WHO<br><br>**ORDER GRANTING MOTION FOR ISSUANCE OF A LETTER OF REQUEST UNDER THE HAGUE CONVENTION**<br><br>Dkt. No. 176 |

## INTRODUCTION

Plaintiffs The Successor Agency to the former Emeryville Redevelopment Agency ("Successor Agency") and the City of Emeryville ("City") (collectively, "plaintiffs") move for the issuance of a letter of request to compel the production of documents and oral testimony from sources in the United Kingdom. Dkt. No. 176. ("Mot."). Specifically, plaintiffs seek documents from Tillotson Commercial Motors Limited ("TCM"), a company incorporated in England with a U.S. based division named Hanson Industries ("HI"); the oral testimony of a person most knowledgeable on behalf of TCM; and the oral examination of five former executives, directors, or employees of TCM and/or defendant Hanson Building Materials Limited ("HBML"). *Id.* HBML opposes the motion. Dkt. No. 177 ("Opp."). For the reasons outlined below, plaintiffs' motion for issuance of a letter of request is GRANTED.

## BACKGROUND

A detailed background regarding this case is laid out in my January 30, 2019 Order denying HBML's motion to dismiss the Second Amended Complaint ("SAC"). Dkt. No. 143 at 1-5. In brief, this action concerns environmental contamination of a former industrial property

located in Emeryville, California (the "Property"), and specifically, which entities and individuals are liable for the cleanup costs. *See* SAC. Plaintiffs allege that HBML holds successor liability over the Property resulting from the 1986 acquisition of assets previously held by Smith-Corona Marchant Inc. ("SCM"). SAC ¶¶ 27-28. HBML's position in this case is that it does not hold successor liability because U.S. based Hanson Industries ("HI"), a division of HBML's wholly-owned subsidiary TCM, managed the acquisition and disassembly of SCM, not HBML. Mot. at 8.

### A. Requested Discovery

Plaintiffs seek documents and oral testimony relating to TCM's corporate transactions from 1985-1996 in order to determine whether TCM/HI or HBML directed and managed the acquisition and disassembly of SCM, whether TCM/HI acted separately from HBML in connection with corporate transactions involving SCM during that period, and the corporate relationship between TCM/HI and HBML. Mot. at 8. The specific documents plaintiffs are requesting are laid out in Schedule A to their proposed letter of request. *See* Dkt. No. 176-2 at 19-22.

Plaintiffs also seek to take the oral depositions of five former TCM and/or HBML executives, directors or employees as well as a person most knowledgeable on behalf of TCM. The five individuals identified are: (1) Alan Hagdrup, a former director of TCM and a former Senior Executive/Director of Hanson PLC; (2) Graham Dransfield, a former Secretary and Director of TCM and former Legal Director of HBML; (3) Eric Hanson, a former Vice President of Hanson Industries and a financial analyst who evaluated acquisitions and companies; (4) Kenneth Ludlum, a former Director of TCM and former Hanson Group Chief Accountant and Treasurer of Hanson Trust PLC; and (5) J.H. Pattison, former director of Hanson PLC and Hanson Trust PLC. Mot. at 9-10. Plaintiffs have outlined the proposed topics of examination for these individuals in Schedules B and C to their proposed letter of request. *See* Dkt. No. 176-2 at 23-26. Schedule B lists the proposed categories for the depositions of the former TCM personnel, as well as the TCM person most knowledgeable, and Schedule C lists the proposed categories for former HBML personnel. *Id.* Because three of the proposed witnesses - Alan Hagdrup, Graham Dransfield, and Kenneth Ludlup – have held positions at both TCM and HBML, plaintiffs propose

taking one deposition of each of these individuals on the topics listed in both Schedules B and C. Mot. at 10

## LEGAL STANDARD

A letter of request or letter rogatory "is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004). The United States and the United Kingdom are both signatories to the Hague Evidence Convention, which permits "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner." 28 U.S.C. § 1781, *see also* 23 U.S.T. 2555. Judges in this district have held that motions requesting issuance of a letter of request or letter rogatory should generally be granted and that "[t]he opposing party must show good reason for a court to deny an application for a letter rogatory." *S.E.C. v. Leslie*, C 07-03444 JF (PVT), 2009 WL 688836, at *2 (N.D. Cal. Mar. 16, 2009); *see also Radware, Ltd. v. A10 Networks, Inc.*, 2014 WL 631537 at *2 (N.D. Cal. Feb. 18, 2014). Like all discovery, motions for letters of request are subject to the standards of Rule 26(b), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

## DISCUSSION

After reviewing the parties' briefing, plaintiffs' proposed letter of request and plaintiffs' proposed Schedules A, B, and C, I conclude that the requested discovery is highly relevant to the central issue of whether HBML has successor liability for environmental cleanup at the Property. Further, the requested documents and oral depositions appear reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' document requests for TCM, laid out in Schedule A, are tailored to specific, identifiable documents related to TCM's/HI's role in the SCM acquisition and restructuring, TCM's/HI's role in the 1996 demerger which allegedly disposed of any liability for the Property, and TCM's/HI's contacts with California. *See* Dkt. No. 176-2. And plaintiffs' proposed deponents appear likely, by virtue of their former positions and responsibilities, to have

personal knowledge regarding various relevant issues relating to TCM's/HI's and HBML's activities from 1985-1996, their involvement in the SCM acquisition and restructuring, and their corporate relationship.  For these reasons I conclude that plaintiffs' requested discovery is appropriate and their motion for a letter of request is GRANTED.

HBML makes several objections to plaintiffs' motion, none of which are ultimately persuasive.  First, HBML objects to plaintiffs' proposal to re-depose Mr. Dransfield, noting that he was already deposed for a seven-hour period in his personal capacity in connection with jurisdictional discovery.  Opp. at 4-6.  HBML argues that plaintiffs have already had a full and fair opportunity to depose Mr. Dransfield on issues related to TCM and SCM and asserts that plaintiffs have failed to establish good cause as required by Rule 30(d)(1) to re-open his deposition.  Opp. at 4.  While HBML is correct that a party needs good cause to depose a witness for more than a single seven-hour day, here I conclude that plaintiffs have good cause to re-depose Mr. Dransfield.  Although Mr. Dransfield was previously deposed, the deposition was in the context of jurisdictional discovery only.  Plaintiffs further explain that defense counsel, appropriately, did not permit questions during Mr. Dransfield's prior deposition on non-jurisdictional issues.  Dkt. No. 178 ("Reply") at 7.  And, while Mr. Dransfield's deposition transcript indicates that some of plaintiffs' jurisdictional questions touched on TCM's oversight of HI, and TCM's role in the SCM acquisition, given the central nature of these issues, they deserve further attention during merits discovery.  Finally, testimony from one of Mr. Dransfield's 30(b)(6) depositions suggests that he is a particularly strong witness on these subjects:  He testified that he is "not [] aware of" anyone else "more knowledgeable about the relationship between Hanson Industries and Tillotson Commercial Motors."  Dkt. No. 177-1, ("Sangster Decl."), Ex. C at 354:23 – 355:2.  Accordingly, I conclude that plaintiffs have good cause to re-depose Mr. Dransfield on the issues identified in Schedules B and C of plaintiffs' proposed letter of request.

Second, HBML argues that plaintiffs' proposed depositions are improper and fail to comply with Rule 26 because plaintiffs claim that they are seeking discovery relevant to whether HI or HBML managed and directed the acquisition and liquidation of the SCM assets, yet they are seeking to depose former TCM personnel, not HI personnel.  Opp. at 6-7.  But as plaintiffs

4

explain, and HBML does not dispute, during the relevant time period TCM and HI were not distinct entities – rather HI was a division or branch of TCM. Mot. at 2. This is supported by Mr. Dransfield's prior testimony, which HBML has submitted in opposition to the motion, in which he said that he believed HI was a "branch" of TCM, that HI did not have investors independent from TCM investors, and that any financial statements of HI would be a part of TCM. Sanger Decl., Ex. C at 427:7-23; 446:3-6. Accordingly, it appears that TCM personnel are likely to be able to speak to the relationship among HI, TCM, and HBML, as well as HI's and TCM's corporate activities. Depositions of former TCM executives, directors, and employees are therefore reasonably likely to lead to admissible evidence bearing on whether HBML or HI has subsidiary liability for cleanup of the Property.

Third, HBML argues that plaintiffs' proposed depositions are duplicative and unduly burdensome because plaintiffs already have deposed or will depose five HI employees. Opp. at 7-8. HBML asserts that whether additional foreign depositions are necessary cannot properly be evaluated until after these depositions are complete. *Id.* at 8. This argument is not convincing and not practical. From a timing perspective, HBML separately warns that there may not be enough time to take the proposed foreign depositions before the close of fact discovery in May 2021. Opp. at 4. Given the relatively short amount of time remaining to conduct discovery, it is reasonable for plaintiffs to bring this motion now, rather than wait until they have exhausted all other possible sources of relevant testimony. Further, it does not appear that the proposed depositions are likely to be duplicative. The proposed foreign deponents are former TCM and HBML personnel who will likely have a different perspective on the relationship among HI, TCM, and HBML, and different personal knowledge regarding these companies' corporate activities and involvement in the SCM acquisition and restructuring.

Fourth, HBML argues that plaintiffs' proposed depositions would exceed the ten-deposition limit under Rule 30(a)(2)(A)(i) and that plaintiffs have failed to make a particularized showing that two additional depositions are necessary. Opp. at 8. It argues that, at minimum, if I allow the extra depositions to proceed, I should order plaintiffs to bear all costs associated with the depositions. Although there is a presumptive cap of ten depositions per party, a party may take

additional depositions with "leave of court." *See* Fed. R. Civ. P. 30(a)(2)(A)(i). Here, I believe that the two additional depositions requested by plaintiffs are reasonable and proportional to the needs of the case. Plaintiffs seek key testimony to clarify the relationship among HI, TCM, and HBML in order to determine whether HBML holds successor liability for cleanup of the Property. This central issue is the key to plaintiffs' claims against HBML and to HBML's defense. Accordingly, I grant plaintiffs leave to exceed the presumptive ten deposition limit and to take two additional depositions. Given the key nature of this discovery and that plaintiffs only seek two extra depositions, I will not order plaintiffs to bear all costs of these extra depositions.

Fifth, with regard to plaintiffs' document requests, HBML argues that plaintiffs should first be required to formally propound the discovery requests on HBML because, as an affiliate of TCM, HBML is practically able to obtain documents from TCM. Opp. at 9. However, plaintiffs note that prior to filing their motion, they asked HBML if it would accept service on behalf of TCM and HBML refused. Reply at 4. To the extent HBML believes that plaintiffs should be required to serve the document requests on HBML directly, this suggestion makes little sense. While HBML may practically be able to obtain documents from an affiliate, it is likely not legally obligated to collect and produce documents in the possession, custody, and control of TCM. Plaintiffs are not obligated to formally request documents from HBML in the hopes that HBML voluntarily provides them. To the extent HBML is willing to voluntarily provide TCM documents to plaintiffs to simplify the discovery process, I encourage HBML to do so. But this is not a reason to deny plaintiffs' motion.

Finally, HBML argues that plaintiffs should be required to narrow their document requests "to those documents they reasonably believe exist that have not already been produced in this action." Opp. at 9. But plaintiffs explain that based on their review of produced documents to date, they do not believe the requested documents have already been produced. Reply at 5. In its opposition, HBML identifies only one document that it believes would be covered by the document requests that was previously produced as a deposition exhibit. Opp. at 9. Plaintiffs' document requests already appear to be reasonably narrow and tailored to specific documents that are likely to be in TCM's possession and which have not already been produced in discovery. No

6

further narrowing is necessary.

## CONCLUSION

For the reasons outlined above, plaintiffs' motion for issuance of a letter of request is GRANTED. Plaintiffs' proposed letter of request, including Schedules, A, B, and C, will be issued.

**IT IS SO ORDERED.**

Dated: December 1, 2020



William H. Orrick
United States District Judge