UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SUCCESSOR AGENCY TO THE FORMER EMERYVILLE REDEVELOPMENT AGENCY AND THE CITY OF EMERYVILLE,<br><br>   Plaintiff,<br><br>   v.<br><br>SWAGELOK COMPANY, et al.,<br><br>   Defendants. | Case No. 3:17-cv-00308-WHO<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 230 |

The plaintiffs (collectively, "Emeryville") and remaining defendant Hanson Building Materials, Limited ("Hanson") filed a joint letter describing a discovery dispute. ("Letter") [Dkt. No. 230]. The dispute concerns the approximately five-hour deposition of an expert, Professor Steven Solomon, who wrote a report and rebuttal for Emeryville about corporate governance and corporate separateness. Letter at 1. Hanson asserts that Solomon refused to answer eleven questions and now seeks an order compelling Solomon to appear for another deposition at plaintiffs' expense, or an order precluding him from testifying about the subjects he allegedly refused to respond to. *Id.* at 1-3. Emeryville says that Solomon answered the questions and that Hanson failed to follow up, indicate that Solomon refused to respond, strike anything as nonresponsive, or reserve time at the conclusion of the deposition. *Id.* at 4. The parties provide a few exemplars. Hanson cites no law in support of its position and Emeryville cites two cases that purport to show that failing to answer a question due to lack of knowledge or the hypothetical nature of the question does not constitute refusal to answer. Letter at 4-5.

A party must obtain leave of court to depose an individual who has already been deposed

in the case, "and the court must grant leave consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. Proc. 30(a)(2)(A)(ii). In turn, FRCP 26(b)(1) provides that a party may discover any nonprivileged matter relevant to a party's claims or defenses and proportional to the needs of the case. FRCP 26(b)(2)(C)(ii) states that a court "must limit the frequency or extent of discovery otherwise allowed by these rules" if it determines that "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Finally, under Rule 37, a party seeking discovery may move for an order compelling an answer to a deposition question if a deponent fails to answer a question asked under Rule 30. Fed. R. Civ. Proc. FRCP 37(a)(3)(B)-(C). Evasive or incomplete responses "must be treated as a failure" to respond. Fed. R. Civ. Proc. 37(a)(4).

Courts review the contested deposition testimony when determining whether the deponent refused to respond. *See Brincko v. Rio Props., Inc.*, 278 F.R.D. 576, 581-82 (D. Nev. 2011); *Harris v. Kyle*, No. 119-CV-00462-DAD-EPG-PC, 2021 WL 4284571, at *3-5 (E.D. Cal. Sept. 21, 2021); *Sims v. Kelly*, No. CV 10-5294-AG MLG, 2012 WL 5342365, at *1 (C.D. Cal. Aug. 7, 2012), *report and recommendation adopted*, No. CV 10-5294-AG MLG, 2012 WL 5342310 (C.D. Cal. Oct. 29, 2012). Motions to compel further deposition testimony may be denied if the movant has not shown the testimony is relevant. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 312-14 (D. Nev. 2019) (subsequent history omitted).

In *Sims*, the court ordered a party to undergo a subsequent deposition where the court determined the party's refusal to answer deposition questions "was without justification" and "without merit." 2012 WL 5342365, at *1. There, the deponent refused to answer "even the most basic questions" including concerning his height, arrest record, and aliases; repeatedly changed answers or claimed he already answered a question he had not; and read from his papers instead of answering questions from his own recollection of events. *Id.* at *3. Accordingly, it was "obvious" to the court that the deponent's "primary objective was to prevent Defendants from conducting any meaningful discovery." *Id.* And in *Harris v. Engels*, the court ordered the deponent to sit for another deposition when the deponent "failed to answer any substantive questions" and "made no effort to even attempt to answer defense counsel's questions" at the first deposition. No. CV 19-

1  5590-PA (KK), 2021 WL 4699538, at *3-4, 8 (C.D. Cal. Aug. 6, 2021).  The court noted the
2  deposing counsel repeated asked on the record whether the deponent was refusing to testify, the
3  deponent "insisted" he would not continue with the deposition, and the deposition ended after only
4  thirteen minutes.  *Id.* at *3.

5        On the other hand, in *Harris v. Kyle*, the court did not order the deponent to sit for a
6  subsequent deposition where "it [did] not appear [the deponent] refused to answer any of
7  Plaintiff's questions" but rather that the plaintiff disagreed with the substance of the answers,
8  "particularly [the deponent's] statements that she could not recall or did not know the answer to a
9  question or that she was unable to answer Plaintiff's hypotheticals."  2021 WL 4284571, at *3-
10 5.  As relevant here, in that case the court determined the hypothetical questions "were vague and
11 required [the deponent] to speculate as to an incomplete set of facts."  *Id..* at *4.

12       In the present case, Hanson sufficiently shows that the requested testimony is relevant.  *Cf.*
13 *V5 Techs.*, 334 F.R.D. at 312-14.  But based on the exemplars, it does not appear that Professor
14 Solomon refused to answer any questions.  One example shows Solomon clearly answering
15 whether "parties desiring to establish corporate separateness sometimes don't obtain valuations"
16 by stating "it's customary to obtain valuations."  Letter at 2.  In the other two examples, Solomon
17 was asked whether corporations and their subsidiaries "always" or "never" take particular actions.
18 *Id.* at 2-3.  He responded that he viewed those questions as hypotheticals, and he stated that he had
19 answered those questions with respect to the facts of the case—which he had.  *Id.*

20       From these excerpts, I find that Professor Solomon did not refuse to answer any questions,
21 especially when compared to the "obvious" failures by the deponents in *Sims* and *Harris v.*
22 *Engels*.  And while I do not think the hypotheticals posed by the defendant were "vague" as in
23 *Harris v. Kyle*, it is not clear from the excerpts that they provided a sufficient set of facts, either.

24       The plaintiffs also point out, and the defendant does not contest, that defense counsel did
25 not state on the record that the deponent was refusing to answer; Professor Solomon did not
26 explicitly refuse to answer; and the deposition lasted five hours—all of which differs from *Harris*
27 *v. Engels*.  Given that these exemplars are likely Hanson's clearest examples of Solomon
28 apparently refusing to answer questions, I do not find that further review of the deposition

1  transcript would more clearly show that Solomon refused to answer any questions, or that a
2  second deposition is warranted.
3       For those reasons, Hanson's request to compel Solomon to appear for another deposition
4  and Hanson's request to preclude him from testifying as to the subjects of these questions are both
5  DENIED.
6  **IT IS SO ORDERED.**
7  Dated: January 3, 2023

William H. Orrick
United States District Judge